SCOTT N. SCHOOLS (SCSBN 9990)
United States Attorney

BRIAN J. STRETCH (CSBN 163973)
Chief, Criminal Division

STEPHANIE M. HINDS (CSBN 154284)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, CA 94102
    Telephone: (415) 436-6816
    Facsimile: (415) 436-6748
    email:    stephanie.hinds@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. |
| Plaintiff, | |
| v. | |
| 1. $79,900 IN UNITED STATES CURRENCY, AND | **COMPLAINT FOR FORFEITURE** |
| 2. $38,000 IN UNITED STATES CURRENCY, | |
| Defendants. | |

In this <u>in rem</u> forfeiture action, the United States alleges:

## JURISDICTION

    1.    This Court has jurisdiction under Title 28, United States Code, Sections 1345 and 1355, and Title 31, United States Code, Sections 5317 and 5332.

## PARTIES

    2.    Plaintiff is the United States of America.

3. Defendants (collectively identified as "defendant funds") are further described as follows:

    a. $79,900 in United States currency seized from Tim Kwun Chan at the San Francisco International Airport on July 10, 2007, and

    b. $38,000 in United States currency seized from Jenny Rui Zhu at the San Francisco International Airport on July 10, 2007.

4. Defendant funds were not reported by outbound international passengers at the San Francisco airport in violation of Title 31, United States Code, Section 5316(a) and thus subject to forfeiture pursuant to Title 31, United States Code, Section 5317(c) and Title 31, United States Code, Section 5332(c).

## VENUE

5. Venue lies in the Northern District of California pursuant to Title 28, United States Code, Sections 1355(b) and 1395(a) and (b), as the acts giving rise to this *in rem* action occurred in this district and the *in rem* defendant funds are located in this district within the custody of the Department of Homeland Security, Customs and Border Protection.

## INTRADISTRICT ASSIGNMENT

6. This matter arises in the county of San Francisco because a substantial part of the events which give rise to plaintiff's claims occurred in that county. Accordingly, this matter should be assigned to a district court judge in San Francisco or Oakland.

## FACTS

7. On July 10, 2007, Tim Kwun Chan and Jenny Rui Zhu arrived at the San Francisco International Airport intending to board an United Airlines flight destined from Ho Chi Minh City via Hong Kong, China. While on the jetway, Customs and Borders Protection (CBP) officer Yang Yi Shen contacted Chan and Zhu as part of a currency reporting advisory.

8. CBP officer Shen advised Chan and Zhu (in English and Chinese) of the currency reporting requirements under Title 31, United States Code, Section 5316, which required them to report if they were carrying any cash or monetary instruments over $10,000. CBP officer Shen then asked Chan and Zhu how much money they were carrying. Chan stated that he was carrying

COMPLAINT FOR FORFEITURE

$35,000, while Zhu stated that she was carrying $30,000. CBP officer Shen then provided Chan and Zhu with a customs declaration form (written in Chinese) which further explained the reporting requirements. After reviewing the form, Chan filled out his form and declared $35,000 in cash ($5,000 more than his initial verbal disclosure). After reviewing the form, Zhu filled out the form and declared $30,000.

6. Chan and Zhu were referred to a secondary inspection area to verify the amounts of money that they had declared. At this secondary location, Zhu was directed to place all of the currency that she had in her possession on the counter. Zhu removed $38,099 in cash from her purse and placed it on the counter, which is $8,099 beyond the amount of money that she declared .

7. While Zhu was placing her money on the counter, Chan was removing money from his shoes. Chan was then directed to place all the money he had in his possession on the counter. Chan removed a large amount of cash from his shoes, fanny pack and pockets. CBP officer Shen then inquired if Chan had additional money in his carry-on luggage. Chan replied that there was more money in his bag, but that Zhu had the key. Zhu then opened Chan's luggage and removed a pink purse which contained an additional $10,000 in cash. In all, Chan had a total of $79,940 in cash in his possession. Forty dollars was released to Chan for humanitarian reasons.

8. Following discovery of the undeclared defendant funds, Chan and Zhu were separated and interviewed by Special Agent Diana Alvarez of the Department of Homeland Security, Immigration and Customs Enforcement (ICE). During her interview, Zhu claimed ownership in the $30,000 in cash she declared; she claimed that the remaining $8,099 that she was carrying was gifts for others. Ninety-nine dollars was released to Zhu for humanitarian reasons.

9. Subsequently, the seizing agency commenced administrative forfeiture proceedings against the defendant funds. During that proceeding, Zhu filed a claim asserting an ownership interest in $8,000 of the defendant funds; she did not claim an ownership interest in the remaining $30,000 she had in her possession. Chan filed a claim asserting an ownership

COMPLAINT FOR FORFEITURE

interest in $79,900 of the defendant funds, which he had in his possession.

## FIRST CLAIM FOR RELIEF

### 31 U.S.C. § 5317(c)

**(forfeiture of property involved in reporting violation)**

10. Plaintiff incorporates by reference the allegations of paragraphs one through 9 as though fully set forth.

11. Title 31, United States Code, Section 5316 requires that any person traveling from the United States to a place outside of the United States file a report with the Secretary of the Treasury if such person is transporting more $10,000 in monetary instruments at one time.

12. In light of the foregoing, and considering the totality of the circumstances, there is probable cause to believe that the defendant funds constitute property involved in a violation of Title 31, United States Code, Section 5316 and thus subject to forfeiture under Title 31, United States Code, Section 5317(c).

## SECOND CLAIM FOR RELIEF

### 31 U.S.C. § 5332

**(forfeiture of bulk cash smuggling proceeds)**

13. Plaintiff incorporates by reference the allegations of paragraphs one through 9 as though fully set forth.

14 Title 31, United States Code, Section 5332(a) makes it unlawful for anyone who, with the intent to evade a currency reporting requirement under Title 31, United States Code, Section 5316, knowingly conceals more than $10,000 in currency or other monetary instruments on the person or article of luggage, and transports and attempts to transport, such currency from a place inside of the United States to a place outside the United States.

15. In light of the foregoing, and considering the totality of the circumstances, there is probable cause to believe that the defendant funds were being smuggled in violation Title 31, United States Code, Section 5332 .

//

COMPLAINT FOR FORFEITURE

**PRAYER FOR RELIEF**

16.   Plaintiff prays that due process issue to enforce the forfeiture of the defendant funds, that due notice be given to all interested parties to appear and show cause why the forfeiture should not be decreed, that judgment of forfeiture be entered against the defendant currency, and that plaintiff be awarded such other relief as may be proper and just.

Respectfully submitted,

SCOTT N. SCHOOLS
United States Attorney

Dated: November 13, 2007

STEPHANIE HINDS
Assistant United States Attorney

COMPLAINT FOR FORFEITURE

## VERIFICATION

I, DIANA ALVAREZ states as follows:

1. I am a Special Agent for the Department of Homeland Security, Immigration of Customs Enforcement. I am familiar with the facts in the investigation leading to the filing of this Complaint for Forfeiture.

2. I have read the Complaint for Forfeiture and based upon review of relevant investigative reports, review of documentary evidence, discussions with other persons involved in the investigation and participation in the investigation, I believe that the allegations contained therein are true.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed this ___ day of November, 2007, in San Francisco, California.

_____
DIANA ALVAREZ
Immigration and Customs Enforcement

COMPLAINT FOR FORFEITURE

6