Mark R. Vermeulen [CSBN 115381]
Law Office of Mark R. Vermeulen
755 Florida Street #4
San Francisco, CA 94110.2044
Phone: 415.824.7533
Fax: 415.824.4833

Attorney for Claimant
TIM CHAN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. CV-07-5742 EMC |
| ) | |
| Plaintiff, ) | **CLAIMANT CHAN'S ANSWER TO** |
| ) | **COMPLAINT FOR FORFEITURE, WITH** |
| v. ) | **DEMAND FOR JURY TRIAL** |
| ) | |
| $79,900 IN U.S. CURRENCY and ) | |
| $38,000 IN U.S. CURRENCY, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| TIM CHAN and ) | |
| JENNY RUI ZHU, ) | |
| ) | |
| Claimants. ) | |

Claimant Tim Chan, through counsel, answers the allegations of the *Complaint for Forfeiture* as follows:

1. The allegations contained in paragraphs 1 & 2 of the *Complaint* are admitted.

2. Claimant has insufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraphs 3 & 4 of the *Complaint*, and on that basis the allegations are denied. Claimant also asserts his constitutional privilege pursuant to the Fifth Amendment to the U.S. Constitution not to answer the allegations in these paragraphs, and on that basis the allegations are denied.

-1-
CLAIMANT CHAN'S ANSWER TO COMPLAINT FOR FORF.,
WITH DEMAND FOR JURY TRIAL

3. The allegations contained in paragraphs 5 & 6 on page 2 of the *Complaint*[1] are admitted.

4. Claimant has insufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraphs 7 & 8 on page 2 of the *Complaint*, and the allegations contained in paragraphs 6 through 9 on pages 3 & 4 of the *Complaint*, and on that basis the allegations are denied. Claimant specifically denies that he filed an administrative claim only as to $79,900 of the defendant funds, as set forth in paragraph 9 of the *Complaint*; in fact, he filed an administrative claim as to both $79,940 and $38,099 of the defendant funds.[2] Claimant also asserts his constitutional privilege under the Fifth Amendment to the U.S. Constitution not to answer the allegations in these paragraphs, and on that basis the allegations are denied.

5. Claimant has insufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraphs 10 through 12 of the *Complaint*, and on that basis the allegations are denied. Claimant also asserts his constitutional privilege under the Fifth Amendment to the U.S. Constitution not to answer the allegations in these paragraphs, and on that basis the allegations are denied. Claimant denies that the seized currency is subject to forfeiture.

6. Claimant has insufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraphs 13 through 15 of the *Complaint*, and on that basis the allegations are denied. Claimant also asserts his constitutional privilege under the Fifth Amendment to the U.S. Constitution not to answer the allegations in these paragraphs, and on that basis the allegations are denied. Claimant denies that the seized currency is subject to forfeiture.

///
///
///

---

[1] In the *Complaint*, the paragraph numbering system is mistakenly repetitive and somewhat confusing, whereby paragraphs 1 through 8 appear on pages 1:24-3:5, and then new, other paragraphs repetitively numbered 6 through 8 appear on page 3:6-24. In essence, the numbers 6, 7 & 8 are mistakenly used twice in enumerating the paragraphs in the *Complaint*.

[2] Claimant is aware that $40 of the $79,940 was remitted "for humanitarian purposes" and that $99 of the $38,099 was similarly remitted, such that the amount of funds currently held total $79,900 and $38,000. Claimant submitted his claims to the slightly larger amounts because those were the amounts set forth in the administrative notices of seizure.

-2-
CLAIMANT CHAN'S ANSWER TO COMPLAINT FOR FORF.,
WITH DEMAND FOR JURY TRIAL

## AFFIRMATIVE DEFENSES

Claimant raises the following defenses to the allegations contained in the *Complaint*:

### First Defense

### (Lack of Probable Cause)

The Government lacks probable cause for the initiation and maintenance of this forfeiture action.

### Second Defense

### (Failure to State a Claim)

The *Complaint* fails to state a claim upon which relief can be granted.

### Third Defense

### (Penal Nature of Action)

The Government's forfeiture action is penal in nature and cannot properly be maintained in the current proceedings.

### Fourth Defense

### (Unconstitutional Burden of Proof)

The burden of proof provided for in this action is unconstitutional as applied to Claimant insofar as it is unfair to expect a claimant to carry the burden of proof.

### Fifth Defense

### (Unconstitutional Searches and Seizures)

The warrantless searches and the seizures of the defendant property violated the Fourth Amendment and/or the Due Process Clause of the Fifth Amendment to the U.S. Constitution.  All the evidence seized and the fruits thereof must be suppressed.

### Sixth Defense

### (Disproportionality)

Forfeiture of the subject property would be disproportionate to the conduct alleged in the *Complaint* and the conduct that actually occurred, and would violate the Eighth Amendment to the U.S. Constitution and the Due Process Clause of the Fifth Amendment to the U.S. Constitution.

### Seventh Defense

### (Excessiveness)

Forfeiture of the subject property would violate the Excessive Fines Clause of the Eighth Amendment to the U.S. Constitution.

### Eighth Defense

### (Complaint is Time-Barred)

This action is time barred, in that the time for the Government to initiate forfeiture proceedings passed prior to the filing of the *Complaint*.

### Ninth Defense

### (Innocent Owner)

Claimant is an "innocent owner" in that, *inter alia*, he did not know of the "conduct giving rise to the forfeiture" within the meaning of the applicable statutes, and his interest in the subject property is exempt from forfeiture under 18 U.S.C. § 983(d) and related authority.

### Tenth Defense

### (Right to Add Additional Affirmative Defenses)

Claimant is informed and believes and thereupon alleges that because of the way the *Complaint* is drafted, Claimant presently has insufficient knowledge or information on which to form a belief as to whether he may have additional, as yet unstated, affirmative defenses available and he cannot anticipate fully all affirmative defenses that may be applicable to this action. Accordingly, he hereby reserves the right to assert additional affirmative defenses, if and to the extent applicable. This defense is alleged in the alternative and does no admit any of the allegations contained in the *Complaint*.

### DEMAND FOR JURY TRIAL

Claimant demands trial by jury regarding the issues and defenses raised by the *Complaint*, the *Claim* and this *Answer*.

/ / /

/ / /

/ / /

CLAIMANT CHAN'S ANSWER TO COMPLAINT FOR FORF.,
WITH DEMAND FOR JURY TRIAL


**PRAYER**

WHEREFORE, Claimant Tim Chan prays that this Court take the following actions:

1. Dismiss the *Complaint* and enter judgment for Claimant;

2. Deny issuance of a certificate of reasonable cause pursuant to 28 U.S.C. § 2465(a) and award to Claimant his attorney fees, costs, and interest (actual or imputed) from the date of seizure of the property pursuant to 28 U.S.C. § 2465(b) and other authority; and

3. Provide such other relief as the Court deems just and proper.

Dated:  January 15, 2008                                        Respectfully submitted,


                                                                 /S/_____
                                                                Mark R. Vermeulen
                                                                Attorney for Claimant
                                                                TIM CHAN