1 | DOUGLAS I. HORNGRAD
Attorney at Law
2 | (CA State Bar No. 95086)
Maybeck Building Four
3 | 1736 Stockton Street
San Francisco, CA 94133
4 | Telephone: (415) 397-9509
Facsimile: (415) 397-9519
5 |
Attorney for Claimant
6 | JENNY RUI ZHU

7 |

8 | UNITED STATES DISTRICT COURT

9 | NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION
10 |

11 | UNITED STATES OF AMERICA,        )        No. CV-07-5742-EMC
                                    )
12 |            Plaintiff,           )
                                    )
13 |        v.                       )        **CLAIMANT ZHU'S ANSWER TO
                                    )        COMPLAINT FOR FORFEITURE,
                                    )        WITH DEMAND FOR JURY
14 | $79,900 IN U.S. CURRENCY, AND   )        TRIAL**
     $38,000 IN U.S. CURRENCY,       )
15 |                                 )
            Defendants.              )
16 | _____)
                                    )
17 | TIM CHAN and                    )
     JENNY RUI ZHU                   )
18 |                                 )
            Claimants.               )
19 | _____)

20 |

21 |        Claimant Jenny Rui Zhu, through counsel, answers the allegations of the *Complaint*

22 | *for Forfeiture* as follows:

23 |        1.    The allegations contained in paragraphs 1 & 2 of the *Complaint* are admitted.

24 |        2.    Claimant has insufficient knowledge or information to form a belief as to the

25 | truth of the allegations contained in paragraphs 3 & 4 of the *Complaint*, and on that basis the

26 | allegations are denied.  Claimant also asserts her constitutional privilege pursuant to the Fifth

27 | Amendment to the U.S. Constitution not to answer the allegations in these paragraphs, and

28 | on that basis the allegations are denied.

- 1 -

3.      The allegations contained in paragraphs 5 & 6 on page 2 of the *Complaint*[1] are admitted.

4.      Claimant has insufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraphs 7 & 8 on page 2 of the *Complaint* and the allegations contained in paragraphs 6 through 9 on pages 3 & 4 of the *Complaint*, and on that basis the allegations are denied.  Claimant also asserts her constitutional privilege under the Fifth Amendment to the U.S. Constitution not to answer the allegations in these paragraphs, and on that basis the allegations are denied.

5.      Claimant has insufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraphs 10 through 12 of the *Complaint*, and on that basis the allegations are denied.  Claimant also asserts her constitutional privilege under the Fifth Amendment to the U.S. Constitution not to answer the allegations in these paragraphs, and on that basis the allegations are denied.  Claimant denies that the seized currency is subject to forfeiture.

6.      Claimant has insufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraphs 13 through 15 of the *Complaint*, and on that basis the allegations are denied.  Claimant also asserts her constitutional privilege under the Fifth Amendment to the U.S. Constitution not to answer the allegations in these paragraphs, and on that basis the allegations are denied.  Claimant denies that the seized currency is subject to forfeiture.

//

//

//

//

//

---

[1] In the *Complaint*, the paragraph numbering system is mistakenly repetitive and somewhat confusing, whereby paragraphs 1 through 8 appear on pages 1:24-3:5, and then new, other paragraphs repetitively numbered 6 through 8 appear on page 3:6-24.  In essence, the numbers 6, 7 & 8 are mistakenly used twice in enumerating the paragraphs in the *Complaint*.

1

## AFFIRMATIVE DEFENSES

2

Claimant raises the following defenses to the allegations contained in the *Complaint*:

3

### First Defense

4

### (Lack of Probable Cause)

5

The Government lacks probable cause for the initiation and maintenance of this

6

forfeiture action.

7

### Second Defense

8

### (Failure to State a Claim)

9

The *Complaint* fails to state a claim upon which relief can be granted.

10

### Third Defense

11

### (Penal Nature of Action)

12

The Government's forfeiture action is penal in nature and cannot properly be

13

maintained in the current proceedings.

14

### Fourth Defense

15

### (Unconstitutional Burden of Proof)

16

The burden of proof provided for in this action is unconstitutional as applied to

17

Claimant insofar as it is unfair to expect a claimant to carry the burden of proof.

18

### Fifth Defense

19

### (Unconstitutional Searches and Seizures)

20

The warrantless searches and the seizures of the defendant property violated the

21

Fourth Amendment and/or the Due Process Clause of the Fifth Amendment to the U.S.

22

Constitution.  All the evidence seized and the fruits thereof must be suppressed.

23

### Sixth Defense

24

### (Disproportionality)

25

Forfeiture of the subject property would be disproportionate to the conduct alleged in

26

the *Complaint* and the conduct that actually occurred, and would violate the Eighth

27

Amendment to the U.S. Constitution and the Due Process Clause of the Fifth Amendment

28

to the U.S. Constitution.

1

**Seventh Defense**

2

**(Excessiveness)**

3

Forfeiture of the subject property would violate the Excessive Fines Clause of the

4

Eighth Amendment to the U.S. Constitution.

5

**Eighth Defense**

6

**(Complaint is Time-Barred)**

7

This action is time barred, in that the time for the Government to initiate forfeiture

8

proceedings passed prior to the filing of the *Complaint*.

9

**Ninth Defense**

10

**(Innocent Owner)**

11

Claimant is an "innocent owner" in that, *inter alia*, she did not know of the "conduct

12

giving rise to the forfeiture" within the meaning of the applicable statutes, and her interest

13

in the subject property is exempt from forfeiture under 18 U.S.C. § 983(d) and related

14

authority.

15

**Tenth Defense**

16

**(Right to Add Additional Affirmative Defenses)**

17

Claimant is informed and believes and thereupon alleges that because of the way the

18

*Complaint* is drafted, Claimant presently has insufficient knowledge or information on which

19

to form a belief as to whether she may have additional, as yet unstated, affirmative defenses

20

available and she cannot anticipate fully all affirmative defenses that may be applicable to

21

this action.  Accordingly, she hereby reserves the right to assert additional affirmative

22

defenses, if and to the extent applicable.  This defense is alleged in the alternative and does

23

no admit any of the allegations contained in the *Complaint*.

24

**DEMAND FOR JURY TRIAL**

25

26

Claimant demands trial by jury regarding the issues and defenses raised by the

*Complaint*, the *Claim* and this *Answer*.

27

**PRAYER**

28

WHEREFORE, Claimant Jenny Rui Zhu prays that this Court take the following

- 4 -

1  actions:

2      1.    Dismiss the *Complaint* and enter judgment for Claimant;

3      2.    Deny issuance of a certificate of reasonable cause pursuant to 28 U.S.C. §

4  2465(a) and award to Claimant her attorney fees, costs, and interest (actual or imputed) from

5  the date of seizure of the property pursuant to 28 U.S.C. § 2465(b) and other authority; and,

6      3.    Provide such other relief as the Court deems just and proper.

7

8  Dated:  January 16, 2008                           Respectfully submitted,

9

10                                                     /s/ Douglas Horngrad

11                                                     DOUGLAS I. HORNGRAD
                                                       Attorney for Claimant
12                                                     JENNY RUI ZHU

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28